## ISIDOR DWARKIN *vs.* JOHN JOHNSON.

MUNICIPAL CORPORATIONS—IT IS NO DEFENSE THAT NEGLIGENCE OF DRIVER OF MOTOR TRUCK, WHICH INJURED PLAINTIFF, MAY HAVE BEEN AUGMENTED BY NEGLIGENCE OF ANOTHER.

Where the driver of a motor truck was proceeding in a negligent fashion as he approached a crossing, and negligently drove the truck past another truck, so that by reason of his speed, or defective brakes, or either, he drove onto the pavement and injured a pedestrian, the owner is responsible, even though the alleged negligence of the driver of the other truck augmented the negligence of the driver of the truck striking plaintiff, and such driver acted in an emergency; the rule that a person is not required to exercise the same degree of care in an emergency as otherwise not being applicable to the situation

(*March* 15, 1920.)

Boyce, J., sitting.

*David J. Reinhardt* for plaintiff.

*Robert G. Harman* and *Edmund S. Hellings* for defendant.

Superior Court for New Castle County, March Term, 1920.

SUM. CASE, No. 107, May Term, 1919.

Action by Isidor Dwarkin against John Johnson. Verdict for plaintiff.

This action was brought by the plaintiff to recover damages for personal injuries and for the loss of personal property. Briefly, the acts of negligence charged are: (1) That the servant in charge of the motor truck at the time and place of the alleged accident was unskilled in its operation, and incompetent to operate the same; (2) that these facts were, or, in the exercise of reasonable care, should have been known to the defendant; (3) that the truck was negligently operated by defendant's servant, in an easterly direction, at a high and dangerous rate of speed, on Second street near Tatnall street, in the city of Wilmington; (4) that the truck was not equipped with sufficient brakes to regulate and stop it when necessary; (5) that the brakes on the truck were defective and not sufficient to regulate the speed or to stop the truck when necessary.

The plaintiff claimed damages for money expended for clerk hire while incapacitated from work; for hospital and doctor bills; for pain and suffering; and for the loss of certain implements used in his business.

Evidence was introduced by the plaintiff to show: That he was engaged in the grocery business at 222 North Harrison street, doing a gross business of between five hundred and six hundred dollars a week. That on April 22, 1919, he left his store and started to walk east on Second street towards Market street, carrying a meat saw, axe, and other implements used in his business, to have same sharpened, and which were lost at the time and place of the accident. That as he was approaching Tatnall street, walking in the center of the pavement he was struck from behind by a truck owned by the defendant and driven by his chauffeur. That the blow rendered him unconscious, broke his

left leg and caused cuts and bruises thereon. That he was there-upon removed to the Delaware Hospital, where he was confined for six weeks, after which time he was taken to his home. That it was necessary for him to use crutches for six weeks, after which he used a cane for a time. That as a result of his injuries and his inability to care for his grocery business, the latter, and likewise his profits, decreased during his incapacity. That he had to hire a man to help his wife carry on the business.

.The defense was that the driver of the truck was not in the employ of the defendant nor never had been; also, that at the time of the accident, the driver of the defendant's truck, in order to avoid colliding with another truck proceeding west on Second street, near West street, was forced to drive out and around the other truck, and in doing so he ran his truck on to the pavement and against the plaintiff.

### PLAINTIFF'S PRAYERS.

The acts of a chauffeur in operating an automobile, within the authority of his employment, are the acts of a servant for which the owner is responsible. *Travers v. Hartmann*, 5 *Boyce* 309, 92 *Atl.* 855; *Hannigan v. Wright*, 5 *Pennewill* 540, 63 *Atl* 234; *Grier v. Samuel*, 4 *Boyce* 106, 86 *Atl.* 209.

It is the duty of a person operating an automobile or other vehicle, upon the public streets of a city to use ordinary care in its operation to move at a reasonable rate of speed, and to slow up or stop if need be, where danger is imminent, in time to avoid accident.

Greater care is required at street crossings. *Grier v Samuel*, 4 *Boyce* 108, 86 *Atl.* 209.

If the jury should find for the plaintiff, their verdict should be for such sum as will reasonably compensate him for his injuries, including therein his loss of time and profits and earnings, his pain and suffering in the past, and such as may come to him in the future, resulting from the accident; also for any impairment of ability to earn a living in the future; also for his necessary medical and hospital and other expenses incurred; and also for loss of any property, as a result of the accident. *Grier v. Samuel*, 4 *Boyce* 111, 86 *Atl.* 209.

### DEFENDANT'S PRAYERS.

In order for the plaintiff to recover the jury must be satisfied by a preponderance of evidence that the person driving the automobile truck was the defendant's servant and at the time of the accident was engaged in the defendant's business with the knowledge and direction of the defendant. *Lamanna v. Stevens*, 5 *Boyce* 402, 405, 93 *Atl.* 962.

Excessive speed or violation of the speed law while negligence *per se* would not in itself make the defendant liable, unless defendant's negligence caused the accident. *MacFeat's Adm'r v. P., W. & B. R. R.*, 5 *Pennewill* 52 (66), (392) 62 *Atl.* 898.

The rule is well established that when one is required to act suddenly and in the face of imminent danger, he is not required to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment and reasoning faculties 29 *Cyc.* 521.

If the jury believe that the plaintiff was guilty of contributory negligence, which contributed to the injury, the defendant is not liable.

BOYCE, J., first instructing the jury upon the general principles of law covered by the prayers, except defendant's third prayer, said:

The court is requested by the defendant to charge you that it is a well established rule that when one is required to act suddenly and in the face of imminent danger, he is not required to exercise the same degree of care as if he had time for deliberation and the full exercise of his judgment and reasoning faculties. This rule is frequently invoked in favor of the plaintiff in an action for personal injuries, when contributory negligence is relied upon as a defense; as, for instance, when an emergency suddenly arises such as is calculated to produce excitement, bewilderment, or fright.

It is conceded in this case that the driver of the motor truck of the defendant (not, however, that he was driving for the defendant) was driving on West street in a northerly direction toward Second street, intending to turn into and go down Second

street in an easterly direction. When about to leave West street and go into Second street, another truck, going west on Second street, approaching near the crossing at West and Second streets, the driver of defendant's truck passed ahead of the other truck, driving it, it is claimed, at an excessive rate of speed, and turned into Second street on the north side thereof, and in his effort to make the center of Second street, it is claimed by reason of the speed of the truck and defective brakes, ran across the street, to and upon the pavement on the south side thereof, striking the plaintiff, breaking his leg and otherwise injuring him.

The court cannot instruct the jury as requested by the prayer mentioned, but instead will say that if the driver of the defendant's truck was the servant of the defendant, and if he was negligently driving as he approached the crossing at West and Second streets and negligently drove the truck past the other truck into Second street so that by reason of his speed and defective brakes, or either, or both, he drove upon the pavement on the south side of Second street and thereby injured the plaintiff, and that such negligence was operative at the time of the alleged injury, the defendant is liable for resulting injuries to the plaintiff, even though the alleged injurious result was in any manner contributed to by the act of the driver of the other truck; for if the driver of the truck of the defendant was negligently driving the truck at the time he approached to and turned into Second street, and such negligence was a procuring cause of the alleged injuries, his negligence cannot be excused by setting up the approach of the other truck at the crossing at West and Second streets, or indeed the concurring negligence, if any, of the driver of the latter truck.

Verdict for plaintiff.